**UNITED STATES of America,**
**Appellant,**

v.

**Christopher R. PRICE, also known as Christopher Price, also known as Christopher Robertson, also known as Randy Robertson, Defendant–Appellee.**

**Docket No. 03–1524.**

United States Court of Appeals, Second Circuit.

March 23, 2004.

Michael DiGiacomo, Assistant United States Attorney, Buffalo, N.Y. (Michael A. Battle, United States Attorney, on the brief), for Appellant.

Kimberly A. Schechter, Assistant Federal Defender, Buffalo, N.Y. (MaryBeth Covert, of counsel, on the brief), for Appellee.

PRESENT: VAN GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

SUMMARY ORDER

Defendant Christopher Price was indicted in the United States District Court for the Western District of New York (Skretny, *J.*) on one count of possession of marijuana, 21 U.S.C. § 844(a), one count of unlawful possession of a firearm by a person previously convicted of a felony, 18 U.S.C. §§ 922(g)(1), and one count of unlawful possession of a firearm by an unlawful user of a controlled substance, 18 U.S.C. § 922(g)(3). The district court granted defendant's pretrial motion to suppress a handgun and marijuana that were discovered by police on the defendant's person. The government took this appeal.

The district court suppressed the evidence because it concluded that the 911 call, which led ultimately to the defendant's arrest, did not provide reasonable suspicion to permit an investigatory stop under *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We disagree. We find that the information transmitted to the police department by

the complainant's emergency call, and forwarded to police officers through radio calls and a Computer Automated Dispatch, gave responding officers "a reasonable suspicion supported by articulable facts that criminal activity 'may [have been] afoot'" and that defendant may have been armed. *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (quoting *Terry,* 392 U.S. at 30). The officers' conduct following the officers' receipt of the 911 call information did not violate the Fourth Amendment. We therefore reverse the order of suppression of the evidence seized from the defendant upon his arrest.